United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDA NARVAEZ,
Plaintiff,

v.

WAL-MART ASSOCIATES, INC., et al.,
Defendants.

Case No. 26-cv-03109-EKL

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 13

This case arises out of an employment dispute between Plaintiff Brenda Narvaez and Defendants Wal-Mart Associates, Inc. ("Walmart") and Ceira Carvenas.[1] First Am. Compl. ¶¶ 1, 13, ECF No. 14-5 ("FAC"). Plaintiff alleges that Defendants wrongfully terminated her from her position as a cashier at a Walmart store based on her gender and pregnancy. *Id.* ¶ 12. Allegedly, Carvenas fired Plaintiff for taking a mandatory rest break due to her pregnancy. *Id.* ¶¶ 11-12. "Carvenas's conduct and treatment of Plaintiff . . . cause[d] [Plaintiff] to feel that Carvenas was targeting her, was treating her unfairly, and [Carvenas's] actions caused [her] much emotional distress." *Id.* ¶ 12. Plaintiff asserted eleven causes of action under California law, including claims for discrimination, retaliation, wrongful termination, failure to provide reasonable accommodation, and harassment – the only cause of action alleged against Carvenas. *Id.* ¶¶ 19-174.

Plaintiff initiated the action in Monterey County Superior Court. Defendants removed the case to federal court on the basis of diversity jurisdiction, arguing that Carvenas, the sole non-

---

[1] The Court notes the seeming disagreement between parties over whether Carvenas's name is indeed Carvenas. Opp. at 1 n.1, ECF No. 14 (noting that the name is "Ciera Zepada," not Ciera Carvenas). For clarity, the Court will refer to her as Carvenas.

diverse defendant, had been fraudulently joined for the purpose of defeating diversity jurisdiction. Notice of Removal at 4, *Narvaez v. Wal-Mart Assocs., Inc.*, No. 24-cv-04779-EKL (N.D. Cal. 2024), ECF No. 1. Plaintiff moved to remand. Mot. to Remand at 1, *Narvaez v. Wal-Mart Assocs., Inc.*, No. 24-cv-04779-EKL (N.D. Cal. 2024), ECF No. 13. This Court granted Plaintiff's motion, determining that Carvenas had not been fraudulently joined. *Narvaez v. Wal-Mart Assocs., Inc.*, No. 24-cv-04779-EKL, 2025 WL 4784386, at *2-4 ("Prior Order"). On remand, the state court sustained Defendants' demurrer against Plaintiff's harassment claim without leave to amend, effectively removing Carvenas from the litigation. Order Re: Defs.' Mot. to Dismiss/Strike at 6, ECF No. 14-6 ("State Order"). Given this development, Defendants filed another notice of removal, arguing that the State Order demonstrates that Carvenas had been fraudulently joined. Notice of Removal at 10, ECF No. 1 ("Notice"). Plaintiff filed another motion to remand the case. Mot. to Remand at 4, ECF No. 13 ("Mot"). Having reviewed the papers and relevant authority, the Court finds this matter suitable for disposition without oral argument. Civil L.R. 7-1(b). For the following reasons, the motion to remand is GRANTED, and Plaintiff's request for attorney's fees is DENIED.[2]

***First***, the voluntary-involuntary rule applies to the case at hand, along with its fraudulent joinder exception. The voluntary-involuntary rule provides that a case that is not removable when originally filed can become removable only by "a voluntary act of the plaintiff." *Self v. General Motors Corp.*, 588 F.2d 655, 657-58 (9th Cir. 1978). Defendants argue that the state court's dismissal of Carvenas is effectively the same as a voluntary dismissal by Plaintiff. The Court, though, is "obliged to follow the formalistic approach adopted by the Supreme Court." *Id.* at 660 n.6. Therefore, because Carvenas was dismissed by an act of the state court, and not by Plaintiff's voluntary act, the State Order does not render this case removable. However, the voluntary-involuntary rule contains one exception: fraudulent joinder. *See id.* at 659 ("The obvious principle . . . is that, *in the absence of a fraudulent purpose to defeat removal*, . . . [the] power to

---

[2] This Order assumes the reader is familiar with the facts, applicable legal standard, and arguments made by the parties.

determine the removability of his case continues with the plaintiff throughout the litigation." (emphasis added)). Consequently, the Court must determine whether Carvenas was fraudulently joined.[3]

***Second***, absent actual fraud, Defendants must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court" to establish fraudulent joinder. *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris*, 582 F.3d 1039, 1044 (9th Cir. 2009)). However, the "test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."[4] *Id.* at 549. Because Defendants seek removal for the second time, they must show that "subsequent pleadings or events reveal a *new* and *different* ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis in original) (citation omitted).

Defendants argue the State Order constitutes a new ground for removal because it provides definitive proof that Carvenas was fraudulently joined. However, the mere existence of the State Order does not change what the Court considers in determining whether subject matter jurisdiction exists. Otherwise, any state dismissal of the sole non-diverse defendant in a case would be grounds for removal, eradicating the voluntary/involuntary rule. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 n.4 (7th Cir. 1992). Plaintiffs would no longer be able to proceed in their preferred forum, and federal courts would cede the power to determine their own jurisdiction to a state court. Therefore, the Court, focusing "only upon [P]laintiff's complaint and the context in

---

[3] Plaintiff argues that the Court is bound by the law-of-the-case doctrine to follow the Prior Order, which concluded that Carvenas was not fraudulently joined. However, the Court "may depart from the law of the case" under certain circumstances, including where "there is a substantial change in the record." *Wilkins v. United States*, 163 F.4th 636, 645 (9th Cir. 2025). Because the State Order arguably constitutes a substantial change in the record, the Court will reassess the fraudulent joinder issue.

[4] A complaint in California state court "must contain a statement of the facts constituting the cause of action, in ordinary and concise language." *Bichai v. Dignity Health*, 61 Cal. App. 5th 869, 876 (2021) (citation modified). Just like Rule 12(b)(6), a complaint might fail to state a claim under this standard yet that does not mean the defendant was fraudulently joined. Fraudulent joinder simply requires that a cause of action *could* be alleged, not that a cause of action has been plausibly alleged. *GranCare*, 889 F.3d at 548 (citations omitted).

which it is found," *Self*, 558 F.2d at 659, will assess whether the State Order's logic indicates that Carvenas has been fraudulently joined.

***Third***, the analysis in the State Order does not indicate that the heightened standard necessary to find fraudulent joinder has been met. The state court concluded that "the FAC lacks the necessary detail to show that" Carvenas's behavior rises to harassment. State Order at 6. Yet it also noted that Plaintiff could have added "allegations of slurs or demeaning language related to Plaintiff's protected status, such as her pregnancy or gender, during her termination" to meet this standard. *Id*. at 5. Therefore, these deficiencies could "possibly be cured by granting the plaintiff leave to amend,"[5] *GranCare*, 889 F.3d at 550, corroborating this Court's earlier finding that "Plaintiff alleges conduct that could plausibly rise to the level of" harassment. Prior Order at *4.

***Fourth***, Defendants cite the state court's denial of leave to amend as evidence that the higher standard for fraudulent joinder has been met.[6] However, the state court's dismissal focused more on the procedural actions of Plaintiff than the legal sufficiency of her argument. Plaintiff had sought additional leave to include facts about Carvenas's treatment of pregnant women. State Order at 6. But "Plaintiff did not adequately explain why these facts were not included earlier" or demonstrate what impact the new facts would have. *Id*. While the state court indicated that the additional facts seemed unlikely to fit a harassment claim, *id.*, Plaintiff merely has to show that the individual joined in the action could be liable on *any* theory. *Cf. Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (To prove fraudulent joinder, the defendant must "show that the individuals joined in the action cannot be liable on any theory."). The State Order does not reject

[5] The fact that Plaintiff can no longer amend the complaint does not change the Court's analysis. A complaint *possibly* curable via amendment has met the standard to reject fraudulent joinder, even if leave to amend has been denied.

[6] Defendants cite *Cristerna v. FedEx Corp.*, No. 23-cv-05180-JLS-MAA, 2023 WL 6283310, at *3 (C.D. Cal. Sep. 25, 2023), for the proposition that a state court's decision to sustain a demurrer without leave to amend is indicative of fraudulent joinder. But, unlike here, *Cristerna* involved a scenario where the plaintiff chose not to amend the complaint at all, indicating a "persistent disinterest in properly pleading a harassment" claim. *Id.* Moreover, courts have diverged on the relevance of a state court ruling in finding fraudulent joinder. *See Leong v. Taco Bell Corp.*, 991 F. Supp. 1237, 1239 (D. Or. 1998) (finding that a state court's ruling that plaintiff could not plead an element of the claim did not "compel [the] court to conclude that there was *no possibility* that the state court would rule otherwise").

the possibility of there being a legal theory, like one identified in the Prior Order, under which Carvenas could be liable. Therefore, at the time of pleading, there remained a "*possibility* that a state court would find that the complaint states a cause of action." Prior Order at *4 (citing *GranCare*, 889 F.3d at 548 (citations omitted)). The Court finds that Carvenas was not fraudulently joined.[7]

***Fifth***, Plaintiff seeks attorney's fees for the motion to remand. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable." *GranCare*, 889 F.3d at 552. Here, Defendants did not lack an objectively reasonable basis for seeking removal. Neither party cited Ninth Circuit authority directly addressing whether a state court's dismissal of claims against a non-diverse defendant establishes fraudulent joinder under these circumstances. Although Defendants' position did not prevail, a fee award is inappropriate here. *See id.* (explaining that "[r]emoval is not objectively unreasonable 'solely because the removing party's arguments lack merit'" (citation omitted)).

* * *

The Court GRANTS the motion to remand, ECF No. 13, and REMANDS the case to Monterey County Superior Court. The Court DECLINES to award attorney's fees.

**IT IS SO ORDERED.**

Dated: July 27, 2026



Eumi K. Lee
United States District Judge

[7] For this reason, the Court does not address whether 28 U.S.C. § 1446(c)(1) independently bars removal.